## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**GARY E. HOLMES**                                                    **PETITIONER**
**ADC #127662**

**V.**                              **No. 4:25-cv-01237-JM-ERE**

**DEXTER PAYNE,**
**Director, Arkansas Division Correction**                 **RESPONDENT**

### RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody Jr. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

### I.    Summary

Gary E. Holmes, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, has filed a petition (*Doc. 1*) and amended petition (*Doc. 4*) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reasons that follow, habeas relief should be denied and the petition and amended petition dismissed with prejudice as time barred.

## II.    Background

On August 22, 2018, a jury in Pulaski County, Arkansas convicted Mr. Holmes of first-degree murder, commission of a terrorist act, and employing a firearm as a means of committing both crimes. *Doc. 6-2*. He was sentenced to a total 48 years in prison. *Id*.

Mr. Holmes timely appealed, asserting that the evidence at trial was insufficient to support convictions for first-degree murder and commission of a terroristic act. *Doc. 6-3*. On November 6, 2019, the Arkansas Court of Appeals issued an opinion affirming Mr. Holmes's convictions, concluding that substantial evidence supported that he, in the course of committing a terroristic act (shooting at an occupied vehicle with the intent to cause property damage) caused the death of a child. *Holmes v. State*, 588 S.W.3d 835, 837–38, 2019 Ark. App. 508, 1–2 (Ark. 2019).

The appellate court recited the evidence as follows:

In the early evening hours of December 17, 2016, three-year-old AK and his little brother were back-seat passengers in a car driven by their grandmother, Kim King-Macon. King-Macon was traveling to J.C. Penney to meet her son's girlfriend. It was dark, cold, and raining extremely hard. When King-Macon was stopped at a stop sign on Warren Drive waiting to turn onto Mabelvale Cutoff, a black Impala stopped behind her and blew its horn. King-Macon blew her horn in return, and she then saw someone exit the Impala with a gun and heard a gunshot. At that time, King-Macon did not believe the person had shot into the car. The children appeared to be fine, and she proceeded to J.C. Penney. When she reached the store and attempted to get AK out of the car, there was blood coming out of his mouth and he was lifeless. He

> died that evening as a result of a gunshot; the bullet had obliterated his spine, struck his lung and superior vena cava, and caused massive bleeding before it exited his chest. Holmes gave a statement to police on December 23, 2016, claiming that the gun "just went off" when he jumped out of the car.

*Id.* Mr. Holmes did not file a petition for rehearing in the Arkansas Court of Appeals; nor did he pursue a petition for review in the Arkansas Supreme Court.

On September 23, 2021, Mr. Holmes filed a petition for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. See *Doc. 6-11*. On March 22, 2023, the trial court denied the petition as untimely. *Id.* On December 1, 2022, Mr. Holmes filed a second Rule 37 petition. See *Doc. 6-12*. On March 21, 2025, the trial court denied the second petition as untimely. *Id.*

On November 21, 2025,[1] Mr. Holmes initiated this action by filing his initial § 2254 petition,[2] and on December 4, he filed an amended petition, asserting a single ground for relief: "sufficiency of the evidence." *Doc. 4 at 5*.

---

[1] The Clerk received Mr. Holmes's initial petition on November 26, 2025, and entered it that day. However, giving him the benefit of the "prison mailbox rule," the petition is deemed filed on the date Mr. Holmes placed it in the prison mail system: November 21, 2025. *Doc. 1 at 4* (certifying that the petition was placed in the prison mailing system on 21 November 2025); *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (stating that for purposes of § 2244(d)(1), a *pro se* prisoner's habeas petition is filed on the date it is delivered to prison authorities for mailing).

[2] In his initial petition, Mr. Holmes and asked the Court to order the state court to appoint him counsel and "reinstate" his right to appeal, and he failed to attack the validity of his convictions or sentence based on a violation of federal law.

3

On January 9, 2026, Respondent filed a response, asserting that Mr. Holmes's petition is time barred.[3] *Doc. 6.* On April 3, 2026, Mr. Holmes's filed a reply addressing Respondent's arguments for dismissal. *Doc. 13.*

## III.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitation for a state prisoner's federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four alternative dates, and the applicable date in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On November 6, 2019, the Arkansas Court of Appeals affirmed Mr. Holmes's convictions. Because Mr. Holmes did not seek review by the Arkansas Supreme Court, his judgment of conviction became final when the time for seeking such review expired under state filing deadlines. *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012).

---

[3] Respondent also asserts that Mr. Holmes's petition is procedurally barred, he fails to state a claim cognizable in federal habeas, and his asserted claim is without merit. *Doc. 6 at 4-13.* Because Mr. Holmes's petition is clearly time barred, I will not address Respondent's proposed alternative grounds for dismissal.

Mr. Holmes's deadline for filing a petition for rehearing in the Arkansas Court of Appeals expired on Monday, November 25, 2019 (see Ark. Sup. Ct. R. 2-3(a) (requiring that a petition for rehearing be filed within eighteen calendar days from the date of decision); see also Ark. R. App. P. Crim. 17 (providing that when a filing deadline falls on a Saturday, Sunday, or legal holiday, it shall be extended to the next business day)), and his deadline for filing a petition for review by the Arkansas Supreme Court expired ten days later on Thursday, December 5, 2019. See Ark. Sup. Ct. R. 2-4(a) (effective July 1, 2019) (requiring a petition for review by the Arkansas Supreme Court to be filed within ten calendar days after the end of the Court of Appeals rehearing period).

Absent statutory or equitable tolling, the AEDPA statute of limitations started running on Friday, December 6, 2019 and ended on Monday, December 7, 2020,[4] and Mr. Holmes's § 2254 petition, deemed filed on filed November 21, 2025, almost five years later, is time barred.

---

[4] Rule 12 of the Rules Governing § 2254 Cases in the United States District Courts provides that "the Federal Rules of Civil Procedure, to the extent [] they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 6 of the Federal Rules of Civil Procedure, in turn, applies in computing any time period "in any statute that does not specify a method of computing time[,]" which is the case with the AEDPA. Applicable in this case are: (1)  Rule 6 (a)(1)(A) of the Federal Rules of Civil Procedure, which excludes from a time period the day of the triggering event (here, the day on which the judgment became final); and (2) Rule 6(a)(1)(C), which excludes the last day of a period that falls on a Saturday, Sunday, or legal holiday.

A.    **Mr. Holmes Is Not Entitled to Statutory Tolling**

The AEDPA limitation period is tolled "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). Mr. Holmes's Rule 37 petitions for post-conviction relief, filed September 23, 2021 and December 1, 2022, were both dismissed as untimely and therefore do not qualify as "properly filed" for purposes of statutory tolling.[5]

B.    **Mr. Holmes Is Not Entitled to Equitable Tolling**

The one-year limitation period for filing a § 2254 habeas petition may be equitably tolled if a petitioner demonstrates that: (1) he has been pursuing his rights diligently, but (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Eighth Circuit has made clear that equitable tolling is not warranted based on a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *Johnson v. Hobbs*, 678 F.3d 607, 611

---

[5] In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Supreme Court defined a "properly filed" state application under § 2242(d)(2) as follows:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Id*. at 9 (internal citations and footnote omitted).

6

(8th Cir. 2012) ("Typically, a petitioner's pro se status and failure to follow rules for filing state post-conviction petitions do not constitute extraordinary circumstances."). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner[.]" *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Mr. Holmes makes no attempt to show that extraordinary circumstances prevented him from filing a timely § 2254 petition. As a result, equitable tolling does not apply.

### C.     Gateway Actual Innocence Does Not Apply

Mr. Holmes acknowledges that he filed his § 2254 petition beyond the AEDPA statute of limitations but cites *McQuiggin v. Perkins*, 569 U.S. 383 (2013), apparently invoking the actual innocence gateway for consideration of his time-barred claims. The Eighth Circuit has instructed that a gateway actual innocence claim must satisfy a two-part test: "First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial." *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001) (citing *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). "The evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Amrine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997). "Second, the petitioner must establish 'that it is more likely than not that no reasonable juror would have

convicted him in light of the new evidence.'" *Armine*, 238 F.3d at 1023 (quoting *Schlup*, 513 U.S. at 327)).

Here, Mr. Holmes argues that the State failed to prove that he purposely killed the victim or that he possessed the firearm that caused the victim's death, but the standard for a gateway actual innocence claim is "by no means" equivalent to the standard governing a claim asserting insufficient evidence. *House v. Bell*, 547 U.S. 518, 538–39 (2006). The actual innocence standard requires a federal court to assess how reasonable jurors would react to *new* evidence that the trial jury did not have before it, not the evidence presented at trial, and Mr. Holmes offers no new, reliable evidence of actual innocence to justify a merits review of his petition.

To the extent that Mr. Holmes attempts to assert a freestanding claim that he is actually innocent of the crimes of conviction, it is not resolved whether such a claim is even cognizable. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."). Regardless, Mr. Holmes's failure to establish gateway actual innocence sufficient to excuse his time-barred claims means that he cannot make the "extraordinarily high" showing that would be required to establish a free-standing actual innocence claim. *Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014) (citations omitted).

## IV.    Conclusion

Mr. Holmes filed his § 2254 petition for habeas corpus relief almost five years after the one-year limitation period expired, and he has failed to demonstrate that statutory or equitable tolling or actual innocence permit consideration of his federal habeas claims. !

IT IS THEREFORE RECOMMENDED THAT:

1.    Petitioner Gary E. Holmes's petition (*Doc. 1*) and amended petition (*Doc. 4*) be DISMISSED with prejudice.

2.    A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[6]

Dated 24 April 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] A certificate of appealability should be denied because Mr. Holmes has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).

9